800 A.2d 744

**In the Matter of LEGISLATIVE DISTRICTING OF the STATE.**

Misc. Nos. 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, Sept. Term, 2001.

Court of Appeals of Maryland.

June 11, 2002.

Sam Hirsch, Esquire (Kali N. Bracey, Esquire of Jenner and Block of Washington, DC), for Wayne Curry et al., Misc. No. 20, September Term, 2001, for petitioners.

Carmen M. Shepard, Deputy Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of Maryland, Maureen M. Dove, Asst. Atty. Gen., Steven M. Sullivan, Asst. Atty. Gen. of Baltimore; Robert A. Zarnoch and Kathryn M. Rowe, Asst. Atty. Gens. of Annapolis), for respondents.

Paul D. Raschke, Esq. (Alan A. Abramowitz, Esq., Michelle E. Stawinski, Esq. of Bouland and Brush, Baltimore), for Eugene E. Golden et al., in Misc. No. 22, Sept. Term, 2001.

Barry Steve Asbury, pro se, Parkville, in Misc. No. 23, Sept. Term, 2001.

M. Albert Figinski, Esq. (Saul Ewing, Baltimore; John K. Phoebus, Esq., Crisfield), for J. Lowell Stoltzfus et al., in Misc. No. 24, Sept. Term, 2001.

Robert H. Levan, Esq. (Richard T. Colaresi, Esq. of Levan, Colaresi, Ferguson and Levan PA, Columbia), for Mayor and Council of City of College Park, in Misc. No. 27, Sept. Term, 2001.

Harry C. Storm, Esq. (Abrams, West & Storm, PC, Bethesda), for Gandal and Schofield, in Misc. No. 28, Sept. Term, 2001.

E. Mark Braden, Esq. (Amy Henson, Esq., Lee T. Ellis, Jr., Esq., Matthew S. Dolan, Esq., Ralph G. Blasey, III, Esq. of Baker & Hostetler, Washington DC), for Michael S. Steele, in Misc. No. 29, Sept. Term, 2001.

Dana M. Dembrow, pro se, Silver Spring, in Misc. No. 30, Sept. Term, 2001.

Paul D. Raschke, Esq. (Alan A. Abramowitz, Esq. and Michelle E. Stawinski, Esq., of Bouland and Brush, LLC, Baltimore), for Katharina Eva Dehaas, et al., in Misc. No. 31 Sept. Term, 2001.

Paul D. Raschke, Esq. (Alan A. Abramowitz, Esq. and Michelle E. Stawinski, Esq., of Bouland and Brush, LLC, Baltimore), for Rayburn Smallwood et al., in Misc. No. 32 Sept. Term, 2001.

Jefferson L. Blomquist, Esq. (Charles D. MacLeod, Esq., Cynthia L. McCann of Funk & Bolton, PA, Baltimore), for John W. Cole et al., in Misc. No. 33 Sept. Term, 2001.

Joseph M. Getty, Esq., pro se, Hampstead, in Misc. No. 34, Sept. Term, 2001.

(Gail M. Wallace, pro se, Owings Mills), for Coalition to Keep the Tow of Owings et al., in Misc. No. 26, Sept. Term, 2001.

Argued before BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL, and BATTAGLIA, JJ.

ROBERT M. BELL, Chief Judge.

## ORDER

WHEREAS, petitions were filed by various registered voters of the State with this Court as authorized by Article III, § 5, of the Constitution of Maryland, challenging the Constitutionality of the 2002 Legislative Redistricting Plan (the Plan) that, by inaction of the General Assembly on Senate Joint Resolution 3 and House Joint Resolution 3, became effective on February 22, 2002; and

WHEREAS, following an initial hearing by this Court on the facial validity of the Plan, this Court, by Order entered April 11, 2002, concluded that sufficient evidence had been presented at that point to preclude a finding, as a matter of law, that the Plan was valid; and

WHEREAS, in and pursuant to that Order, this Court appointed a Special Master to conduct further hearings on the petitions and to file a report containing the Master's recommended findings of fact and conclusions of law; and

WHEREAS, on May 21, 2002, the Special Master filed his Report in which he recommended that the petition filed in Misc. No. 24 be granted, that Districts 37 and 38 be reconfigured in conformance with that petition, but that all other petitions be denied; and

WHEREAS, in accordance with this Court's initial scheduling order of March 1, 2002, the respondents and several petitioners filed exceptions to the Master's Report and recommendations; and

WHEREAS, on June 10, 2002, this Court conducted a hearing on those exceptions;

NOW, THEREFORE, IT IS, BY THE COURT OF APPEALS OF MARYLAND, a majority of the Court concurring, this 11th day of June, 2002, DECLARED, ADJUDGED, AND ORDERED, for reasons to be set forth in an Opinion later to be filed, and in further Orders of this Court to follow:

(1) That significant portions of the Plan are not consistent with the requirements of Article III, § 4, of the Constitution of Maryland that "[e]ach legislative district shall consist of adjoining territory, be compact in form, and of substantially equal population" and that "[d]ue regard shall be given to natural boundaries and the boundaries of political subdivisions" and, for that reason, the Plan is in violation of the Maryland Constitution and is invalid;

(2) That, in order to grant appropriate relief, as required by Article III, § 5, of the Constitution of Maryland, this Court will endeavor to prepare a constitutional plan; and

(3) That, in order to assist the Court in that endeavor, the Court intends to appoint one or more technical consultants; and

(4) That the Court requests the parties in this case to propose the names of possible technical consultants, and to submit such proposals by 4:00 p.m., Thursday, June 13, 2002; and

(5) That the Court directs the respondents and the Attorney General's Office to supply such information and assistance to the Court and its consultants as may reasonably be required for the Court to complete its work expeditiously.